UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARRY J. NEAL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-172-RLB** |
| **AVONDALE INDUSTRIES, INC., ET AL.** | **CONSENT** |

## ORDER

Before the Court is Lamorak Insurance Company's ("Lamorak") Motion to Enforce Stay and Notice of Liquidation and Statutory Stay filed on June 3, 2021. (R. Doc. 125). The Court ordered any opposition to be filed on an expedited basis. (R. Doc. 127).

Also before the Court is Defendants Huntington Ingalls Incorporated and Albert L. Bossier, Jr.'s (collectively, the "Avondale Defendants") Consent Motion to Stay All Proceedings filed on June 11, 2021. (R. Doc. 129).

**I.    Background**

On or about May 9, 2019, the decedent Barry J. Neal[1] brought this action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, alleging that he contracted lung cancer, in part, as a result of direct exposure to asbestos while employed by Avondale Shipyards, Inc. from 1969 to 1972. (R. Doc. 1-2, "Petition"). The Avondale Defendants removed this action on March 23, 2020, asserting that the Court has subject matter jurisdiction based on the federal officer removal statute, 28 U.S.C. § 1442(a). (R. Doc. 1). The Court has held that it has subject matter jurisdiction over this action in denying a motion to remand. (R. Docs. 61, 63).

---

[1] Mr. Neal was the original plaintiff in this action. The plaintiffs are now Sharon B. Neal, individually and as the Independent Executrix of the Estate of Barry J. Neal, Deceased, and Shae A. Neal, Chad M. Neal, Sherry M. Hughes, and Robert B. Neal, individually and as the statutory surviving heirs of decedent Barry J. Neal. (collectively, "Plaintiffs"). (R. Doc. 90 at 1).

On March 11, 2021, a Pennsylvania state court declared Bedivere Insurance Company (Bedivere)—an entity that includes Lamorak by merger—insolvent and placed Bedivere in liquidation. (R. Doc. 125-2). The Pennsylvania order provides, in relevant part, the following:

> 13. Unless the Liquidator consents thereto in writing, no action at law or in equity, including, but not limited to, an arbitration or mediation, the filing of any judgment, attachment, garnishment, lien or levy of execution process against Bedivere or its assets, shall be brought against Bedivere or the Liquidator or against any of their employees, officers or liquation officers for acts or omissions in their capacity as employees, officers or liquidation officers of Bedivere or the Liquidator, whether in this Commonwealth or elsewhere, nor shall any such existing action be maintained or further prosecuted after the effective date of this Order. All above-enumerated actions currently pending against Bedivere in the courts of the Commonwealth of Pennsylvania or elsewhere are hereby stayed; relief sought in these actions shall be pursued by filing a proof of claim against the estate of Bedivere pursuant to Section 538 of Article V, 40 P.S. § 221.38.

(R. Doc. 125-2 at 7).

Lamorak moves the Court to enforce the permanent stay of all claims against Lamorak in light of the Pennsylvania court's order and to stay all proceedings in this case until September 11, 2021 in accordance with La. R.S. 22:2068(A). (R. Doc. 125). In support of their own motion seeking a stay of the proceedings, the Avondale Defendants represent that all of the parties consent to the relief sought by Lamorak. (R. Doc. 129 at 1).

**II.    Law and Analysis**

    **A.    Stay of Proceedings with Respect to Lamorak**

Two recent decisions in the Eastern District of Louisiana have stayed claims against Lamorak in asbestos exposure actions in light of the Pennsylvania court's stay order. *Cortez v. Lamorak Ins. Co.*, No. 20-2389, 2021 WL 2018073, at *2 (E.D. La. May 20, 2021); *Gooding v. Liberty Mut. Ins. Co.*, No. 20-1133, 2021 WL 2002463, at *5 (E.D. La. May 19, 2021); *see also Olin Corp. v. Lamorak Ins.*, No. 84-1968, 2021 WL 982426, at *4 (S.D.N.Y. Mar. 15, 2021)

(holding that the Pennsylvania court order required the Court to stay proceedings against Lamorak in light of general principles of comity). The Court finds these decisions, and the jurisprudence relied upon, to be persuasive.

In particular, the Fifth Circuit's decision in *Anshutz v. J. Ray McDermott Co., Inc.*, 642 F.2d 94 (5th Cir. 1981) is instructive. In that decision, the Fifth Circuit considered whether it should stay an appeal in light of a state-court order that placed the insurer-defendant in liquidation. The *Anshutz* court stayed the appeal, noting that "[r]ecognition by this Court of the effectuation of the liquidation of this insurance company by the State of Illinois is in accordance with the federal policy which directs that the control over the insurance business remain[s] in the hands of the states." *Id.* at 95. The *Anshutz* court went on to note that "[a]n orderly liquidation requires that this Court not interfere with the order of the Circuit Court of Cook County." *Id. See also Clark v. Fitzgibbons*, 105 F.3d 1049, 1051 (5th Cir. 1997) (affirming dismissal of action, under the *Burford* abstention doctrine and full faith and credit given to Arizona receivership court's order, where "permitting the Texas plaintiffs to proceed in federal court would undermine the comprehensive apparatus established by the state of Arizona for the orderly disposition of claims against insolvent insurance companies").

Given the foregoing, the Court will stay proceedings against Lamorak in light of the Pennsylvania court's stay order.

**B.     Stay of Proceedings with Respect to Other Parties**

The parties also seek a temporary stay of all proceedings in this action in accordance with the Louisiana Insurance Guaranty Association Law ("LIGAL"), La. R.S. 22:2051, *et seq.* LIGAL creates the Louisiana Insurance Guaranty Association ("LIGA"), which is defined as "a private nonprofit unincorporated legal entity" that must perform certain duties under the LIGAL.

La. R.S. 22:2056. "In the event that a member-carrier became insolvent, it was envisioned that LIGA would assume all the benefits and obligations of the direct insurance policies underwritten by the defunct carrier." *Sifers v. Gen. Marine Catering Co.*, 892 F.2d 386, 388 (5th Cir. 1990) (applying Louisiana law); *see also Morris v. E. Baton Rouge Par. Sch. Bd.*, 826 So. 2d 46, 51 (La. App. 1 Cir. 2002) ("Under the provisions of [LIGAL], when a claim is made against an insolvent insurer, LIGA steps into the shoes of the insolvent insurer.").

LIGAL provides an automatic six-month stay of claims against an insolvent insurer and any party it is obligated to defend:

> All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for six months and such additional time as may be determined by the court from the date the insolvency is determined to permit proper defense by the association of all pending causes of action.

La. R.S. 22:2068(A). The Court need not resolve whether it is bound by this stay provision because it finds it appropriate to exercise its inherent discretionary authority to stay the proceeding. *See Cortez*, 2021 WL 2018073, at *3-5 (discussing and applying factors with respect to granting a discretionary stay); *see also Gooding*, 2021 WL 2002463, at *5 ("In light of Louisiana's comprehensive statutory scheme for regulating insolvent insurers and Fifth Circuit precedent admonishing courts to avoid interfering with state administrative processes involving insolvent insurers, the Court exercises its discretion to stay the claims pending against Lamorak.").

"A district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Colomb*, 419 F. 3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to exercise its inherent authority to grant a discretionary stay of

proceedings, Courts consider the following factors: "(1) any hardship imposed on the moving party by proceeding with the action, (2) any prejudice to the non-moving party if the stay is granted, and (3) interests of judicial economy." *Maples v. Donzinger*, No. 13-223, 2014 WL 688965, at *2 (E.D. La. Feb. 21, 2014).

Here, there is no dispute that the Avondale Defendants will be prejudiced if LIGA, which now stands in Lamorak's shoes with respect to defending the Avondale Defendants, is not provided sufficient time to investigate, settle, and defend the claims as needed. Granting the stay will not prejudice Plaintiffs, who consent to the relief sought. And, finally, the stay would serve the interests of judicial economy by providing LIGA the time to properly investigate, settle, and defend the claims as needed.

Given the foregoing, the Court will issue a brief, six-month administrative stay of the entire case, from the date of the Pennsylvania state court's order, to ensure that this litigation proceeds in an efficient and orderly fashion.

### III. Conclusion

**IT IS ORDERED** that Lamorak Insurance Company's Motion to Enforce Stay and Notice of Liquidation and Statutory Stay (R. Doc. 125) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Avondale Defendants' Consent Motion to Stay All Proceedings (R. Doc. 129) is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned action is **STAYED AND ADMINISTRATIVELY CLOSED** until September 12, 2021.

Signed in Baton Rouge, Louisiana, on June 16, 2021.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE