UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SHARON B. NEAL, as the Independent Executrix of the Estate of BARRY J. NEAL, Deceased, ET AL. | CIVIL ACTION<br><br>NO. 20-172-RLB |
| VERSUS | CONSENT |
| AVONDALE INDUSTRIES, INC., ET AL. | |

**ORDER**

Before the Court is Defendant Union Carbide Corporation's ("Union Carbide") Motion for Summary Judgment. (R. Doc. 172). The deadline for filing an opposition has expired. LR 7(f). Accordingly, the motion is unopposed.

For the following reasons, the Motion will be granted.

**I.    Background**

On or about May 9, 2019, Plaintiff Barry J. Neal ("Barry Neal"), who is now deceased, brought this action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, alleging that he contracted lung cancer, in part, as a result of direct exposure to asbestos while employed by Avondale Shipyards, Inc. from 1969 to 1972. (R. Doc. 1-2, "Petition"). The action was removed on March 23, 2020. (R. Doc. 1).

In the Fourth Supplemental and Amended Complaint, Sharon B. Neal, Robert B. Neal, Sherry M. Highs, Shar A. Neal, and Chad M. Neal (collectively, "Plaintiffs") list Union Carbide as one of fifteen defendants purportedly liable in the capacity of asbestos manufacturer, contractor, seller, supplier, or distributor. (R. Doc. 90 at 2-3). Plaintiffs do not allege any specific facts with respect to Union Carbide, including any allegations of the specific types of products or

dates, times, or durations of alleged exposure to asbestos related to Union Carbide. (*See generally* R. Doc. 90).

On February 21, 2021, the district judge referred the instant action to the undersigned in light of the consent of the parties accordance with 28 U.S.C. § 636(c). (R. Docs. 107; *see* R. Docs. 37, 102).

On February 24, 2022, Union Carbide filed the instant Motion for Summary Judgment, which seeks dismissal of all claims brought by Plaintiffs and cross-claims brought by Huntington Ingalls, Inc.("Huntington Ingalls")  and Albert L. Bossier, Jr. ("Bossier") (R. Doc. 172). Union Carbide asserts that in asbestos litigation, plaintiffs will "occasionally seek to establish liability relating to Union Carbide through the use of certain joint compound products," but no such allegations or facts have arisen in this action. (R. Doc. 172-2 at 1). Union Carbide further asserts that Plaintiffs have failed to establish any material disputed fact regarding any possible substantial exposure or medical causation. (R. Doc. 172-2 at 2).

On April 5, 2022, the Court dismissed with prejudice claims brought by Plaintiffs against Huntington Ingalls and Bossier, reserving those parties' rights to seek "all claims against all other individuals and entities." (R. Doc. 179).

On April 8, 2022, the Court dismissed without prejudice all cross-claims and third-party claims brought by Huntington Ingalls. (R. Doc. 181). Accordingly, the instant Motion for Summary Judgment is moot to the extent it seeks relief against Huntington Ingalls. To the extent any cross-claims by the individual defendant Bossier have survived, the Court will include Bossier in the term "Plaintiffs" for the remaining of this Order.

Under Local Rule 7(f), Plaintiffs had 21 days from service of the motion to file any opposition. Plaintiffs have not filed any oppositions as of the date of this ruling. Furthermore, the

2

deadline to conducted non-expert discovery with respect to Union Carbide in this action has expired. (R. Doc. 141).

## II. Law and Analysis

### A. Legal Standards for Summary Judgment

Summary judgment shall be granted when there are no genuine issues as to any material facts and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. When a motion for summary judgment is properly made and supported under Rule 56(c), the opposing party may not rest on the mere allegations of their pleadings, but rather must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(c)(1). The non-movant's evidence is to be believed for purposes of the motion and all justifiable inferences are to be drawn in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, summary judgment must be entered against the plaintiff, if he or she fails to make an evidentiary showing sufficient to establish the existence of an element essential to his or her claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Without a showing sufficient to establish the existence of an element essential to the plaintiff's claim, there can be "no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all facts immaterial." *Celotex Corp.*, 477 U.S. at 323.

A moving party must support an assertion that a fact cannot be genuinely disputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R.

Civ. P. 56(c)(1)(A). Local Rule 56 details the requirements for statements of material facts. "A motion for summary judgment shall be supported by a separate, short, concise statement of material facts, each set forth in separately numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried." LR 56(b)(1). "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." LR 56(f).

### B.     The Uncontested Material Facts

The Court has reviewed Union Carbide's Statement of Uncontested Material Facts submitted in support of summary judgment in accordance with Federal Rule 56(c)(1)(A) and Local Rule 56(b)(1). (R. Doc. 172-1). The Court has also reviewed the following exhibits submitted in support of Union Carbide's Motion for Summary Judgment and Statement of Uncontested Material Facts: the Petition (R. Doc. 172-4, Ex. A);[1] the certified transcript of Barry Neal's deposition taken on September 18, 2019 (R. Doc. 172-5, Ex. B); the August 25, 2004 Affidavit of John L. Myers, a former employee of Union Cabide (R. Doc. 172-6, Ex. C); and the transcript of the April 1, 2009 deposition of Victor L. Roggli, M.D., a pathologist, in another action. (R. Doc. 172-7, Ex. D).[2]

As there is no opposition to the instant Motion for Summary Judgment, or Opposing Statement of Material Facts submitted under Local Rule 56(c), the Court concludes that the facts contained in Union Carbide's Uncontested Statement of Facts are admitted for the purposes of

---

[1] It appears that Union Carbide intended to attach certain discovery responses as Exhibit A. (*See* R. Doc. 172-1 at 1 n.1).

[2] Union Carbide does not reference Exhibit D in support of its Statement of Uncontested Facts. Instead, it relies on this deposition testimony of Dr. Roggli in its memorandum to support the proposition that "Union Carbide Calidria asbestos does not cause or contribute to the development of asbestos-related disease. (R. Doc. 172-2 at 8) (emphasis removed). The Court need not reach the issue of medical causation to grant summary judgment, however, because there is no disputed material fact regarding Barry Neal's lack of substantial exposure with Union Carbide asbestos.

determining whether summary judgment is appropriate. *See* Fed. R. Civ. P. 56(e); Local Rule 56(f)-(g).

The following facts, which are derived from Union Carbide's Uncontested Statement of Facts and the Union Carbide's summary judgment evidence, are undisputed:

Plaintiffs have not come forward with any evidence establishing any exposure to Union Carbide asbestos. (R. Doc. 172-1 at 1). Barry Neal does not specify in the original Petition how he was allegedly exposed to Union Carbide asbestos. (Petition ¶¶ 2, 7, 8).[3] Similarly, the Fourth Supplemental and Amended Complaint does not allege any specific exposure to Union Carbide asbestos. (*See generally* R. Doc. 90). Plaintiffs have not produced any evidence through discovery in support of a finding that Barry Neal was exposed to Union Carbide asbestos. (R. Doc. 172-1 at 1).

Barry Neal was deposed on September 18 and 19, 2019. (R. Doc. 172-1 at 1). At his deposition, Barry Neal stated that he was exposed to asbestos insulation materials while working for Avondale Shipyard and McDermott. (Ex. B, at 15:3-16:1). Barry Neal worked as a welder's helper at Avondale Shipyard in 1965. (Ex. B, at 16:9-18). Barry Neal testified that he encountered asbestos from insulation and sandwich boards at Avondale Shipyard. (Ex. B, at 21:15-22). At his deposition, Barry Neal did not discuss any Union Carbide-related products or materials relative to his work at Avondale Shipyard. (*See generally* Ex. B). Barry Neal worked for McDermott as a kitchen hand and rigger intermittently from 1965-1967 and again for parts of 1969 and 1979. (Ex. B, at 63:12-65:25). Barry Neal testified that he encountered asbestos at McDermott from working with or around valves, pumps, boilers, and turbines. (Ex. B., at 22:15-25). Barry Neal has never performed any drywall/sheetrock work. (Ex. B, at 187:21-189:24).

---

[3] Union Carbide suggests that this assertion is also supported by certain discovery responses. As stated above, Union Carbide did not submit Barry Neal's discovery responses as an exhibit to the instant Motion for Summary Judgment.

Union Carbide did not manufacture any asbestos-containing products. (Ex. C, ¶¶ 3-4). Instead, Union Carbide, during certain limited periods of time, supplied raw asbestos to several companies that manufactured finish products with or without asbestos. (Ex. C, ¶¶ 3-10).

Plaintiffs have not provided any evidence that Barry Neal encountered any Union Carbide asbestos any time, let alone in a friable state that could be inhaled. (R. Doc. 172-1 at 2). More specifically, Plaintiffs have not provided any evidence that Barry Neal encountered any Union Carbide asbestos or products that may have contained Union Carbide asbestos, let alone in sufficient frequency and duration to be considered a substantial factor in causing Barry Neal's alleged asbestos-related illness. (R. Doc. 172-1 at 2).

### C.   There is No Evidence of Causation with Respect to Union Carbide

"To prevail in an asbestos-exposure case, the plaintiff must show, inter alia, that a particular defendant's conduct was a 'substantial factor generating plaintiff's harm.'" *Hsieh v. Badger Oil Corp.*, No. 19-408, 2021 WL 4810619, at *1 (M.D. La. Oct. 14, 2021) (quoting *Rando v. Anco Insulations Inc.*, 16 So. 3d 1065, 1088 (La. 2009)). Here, Union Carbide's "summary judgment evidence demonstrates that there is no causal connection between Plaintiff's harm and [its] respective activities" as tactility conceded by the failure of the Plaintiffs to oppose the instant motion. *Hsieh*, 2021 WL 4810619, at *1 (citing M.D. La. LR 56(f)). Accordingly, there is no genuine dispute regarding Plaintiffs' failure to establish an essential element against Union Carbide, and Union Carbide is entitled to judgment as a matter of law. *Id*. (citing *Loolara v. Nat'l Flood Ins. Program*, No. 17-953, 2021 WL 3204485, at *2 (M.D. La. July 28, 2021) ("This Court has repeatedly admonished that summary judgment is about *evidence*, and a party that fails to direct the Court's attention to any evidence supporting his claims cannot carry his burden of showing a genuine, material dispute (or lack thereof)." (quotation marks omitted)).

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Union Carbide's Motion for Summary Judgment (R. Doc. 172) is **GRANTED**, and Plaintiffs' claims (including any remaining cross-claims) against Union Carbide are **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on April 8, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**